STATE OF CONNECTICUT *vs.* EDWARD DUFFY.

Second Judicial District, Norwich, May Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The request for a finding of facts, preparatory to an appeal to this court, must contain not only a proposed finding, but also a statement of the questions of law arising thereon which it is desired to have reviewed; and in the absence of such statement the trial judge may properly refuse to make any finding until the request is amended in this respect. If, however, such a request is accepted by the trial judge as sufficient, against the objection of the appellee, the latter's remedy, if he has any, is not by a plea in abatement to the appeal in this court.

A request to charge the jury, if complied with, not only may, but should, be accompanied with such fair and reasonable comments, as will enable the jury to apply the rule to the facts claimed to be proved.

Whether one charged with selling liquor without a license to a person unknown, is entitled to an acquittal if it appear upon the trial that the informing officer, when drafting the complaint, did in fact know the name of the vendee, *quære.*

[Argued May 28th—decided July 24th, 1895.]

PROSECUTION for an illegal sale of intoxicating liquor, brought to the Criminal Court of Common Pleas for New London County and tried to the jury before *Hotchkiss, J.;* verdict and judgment of guilty, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

Section 3087 of the General Statutes provides that "any person who without a license therefor shall, by sample, by soliciting or procuring orders, or otherwise, sell or exchange,

or shall offer or expose for sale or exchange, or shall own or keep with intent to sell or exchange, any spirituous and intoxicating liquors, * * * shall be fined," etc.

The information alleged that the defendant " on the 23d day of June, A. D. 1894, at said town of Stonington, with force and arms, did, without having a license therefor, sell to a certain person to said Prosecuting Attorney unknown, certain spirituous and intoxicating liquors, the particular kind of which is to said Prosecuting Attorney unknown." Upon trial to the jury (*Hotchkiss, Acting J.*) the defendant was convicted; and judgment against him was rendered. This is an appeal from that judgment.

It appears from the finding that the defendant, having filed a notice of appeal, "presented a draft of a proposed finding of facts, including the requests to charge, and the charge as given. With said request, or proposed finding of facts, the defendant's counsel filed no statement of the questions of law arising in said case, which he desired to have reviewed, nor did he, within six days after judgment, file a written motion for a new trial upon the ground that the verdict was against the evidence ; whereupon the attorney for the State claimed that said proposed finding was insufficient, and not in compliance with the law and rule for taking causes to the Supreme Court for review, and objected to said appeal proceeding any further. The court ruled, however, that the filing of the request for charge to the jury, together with the actual charge given by the court to the jury, constituted a sufficient request for a finding and statement of claims of law, under the rules, and that the defendant could file his reasons of appeal assigning errors in the charge, after the finding was completed. To which ruling the attorney for the State duly excepted." In this court the Prosecuting Attorney asked the abatement of the appeal, on the ground that it appeared upon the record that the appeal had not been lawfully taken.

*Albert B. Crafts*, for the appellant (the accused).

Where the purchaser is known to the complaining officer at the time of making the complaint, and the offense is

charged as a sale to a person unknown, the defendant must be acquitted. The name of the purchaser is matter in description of the offense. *State* v. *Wilson*, 30 Conn., 507 ; *State* v. *Lyon*, 12 id., 488. In *State* v. *Burns*, 44 id., 152, 153, it was held, upon the objection that the complaint did not give the name of the purchaser, or state that it was unknown, that the complaint charging selling and keeping for sale, must be construed simply as a charge of illegal keeping, and the verdict as a conviction thereof only. So held, still more strongly, in *State* v. *Hartwick*, 49 Conn., 103, 105.

The name of the purchaser must be given in such complaint, or if unknown, so charged. *State* v. *Doyle*, 11 R. I., 575, 576 ; *Commonwealth* v. *Thurlow*, 24 Pick., 374, 379 ; *Blodget* v. *The State*, 3 Ind., 403 ; *Capritz* v. *State of Maryland*, 1 Md., 569 ; *Dorman* v. *The State*, 34 Ala., 216 ; *State* v. *Faucett*, 4 Dev. & B. 107 ; *State* v. *Cox*, 29 Mo., 475. The only decision in this country to the contrary is the *People* v. *Adams*, 17 Wend., 475, decided in 1837.

If the purchaser is charged as unknown, when his name might have been learned on simple inquiry, defendant must be acquitted. Bishop, Crim. Proceed., §§ 549, 550, and notes.

The request for a finding, and the appeal as taken, comply with the statute and rules of court. The questions of law raised in the trial below, and the only ones which can be reviewed on appeal, clearly appear in the finding made by the trial judge. The appeal does point out the errors upon which the appellant relies, and this, in connection with the finding, ought to be amply sufficient.

*Hadlai A. Hull*, Prosecuting Attorney, for the State.

I. The appellant entirely failed to comply with § 3 of rule XVII. of the General Rules of Court. With his proposed finding of facts he filed no statement of any question of law which arose in the case, or which he desired to have reviewed on appeal. But the trial judge ruled that the filing of the judge's charge to the jury, and the defendant's requests, constituted a statement of claims of law. Such a ruling seems to abrograte the rule. *Wolfe* v. *Chalker*, 31 Conn., 124. This

court cannot know from such a course, whether the questions raised on the appeal were raised in the court below; and the judge of the trial court, under his ruling, was powerless to confine the appellant to questions actually raised before him. The rule is a salutary one, and should be applied in letter and in spirit, and its application or rejection should not be left to the accident of the leniency or indulgence of the trial judge. ·

II. The record in this case discloses no error of which the defendant can complain. Every request made by the defendant was charged as law, and they were fully as favorable to the defendant as they should have been. A prosecutor having knowledge that the same offense or crime has been committed by the defendant more than once, is not called upon to elect the time or date, or the offense which he will proceed upon, until the time of trial. *State* v. *Bates*, 10 Conn., 372 ; *State* v. *Brunker*, 46 id., 327.

It certainly is not true that a jury has a right, after a case is presented on which a conviction should be had, to say, " the guilt of the accused has been established, but we acquit because we think," to use the language of the request, " the prosecutor has made his complaint, for no particular offense of illegal selling and without any particular offense in view." The motives and purposes of the prosecutor cannot be made ground for acquittal in any such fashion as this.

Comment by the court as to the weight of evidence is not error. *Swift* v. *Stevens*, 8 Conn., 438 ; *Ely* v. *Tweedy*, 18 id., 463.

ANDREWS, C. J. This is an appeal for the revision of questions of law decided by the court below, in its charge to the jury. For the presentation of such questions a finding of sufficient facts to properly present the errors claimed to exist in the charge, is essential; and the trial judge is required to make such finding upon request of the appellant, but not without such request. General Statutes, §§ 1129, 1132. The questions of law relied upon must be specifically stated in the appeal; and in such an appeal as this the questions

so specified cannot be considered, unless it appears by the finding that they were distinctly raised at the trial, and were decided by the court adversely to the appellant's claims. General Statutes, § 1135. The request for a finding must contain a draft for a proposed finding and a statement of the questions of law arising thereon which it is desired to have reviewed, and such request must be filed in duplicate, one copy for the judge, and one copy for counsel on the opposite side who, after examining the proposed finding and statement of questions of law alleged to have arisen, may file a counter finding. Rules of Court, XVII., § 3.

These provisions of statute and rules of court must be followed, to entitle a party as of right to a finding, and to consideration in this court of the errors specified in the appeal. *White & Co.* v. *Howd, ante,* p. 264.

The request of the present appellant consisted only of a proposed finding, and did not contain any statement of the questions of law he desired to have reviewed. The trial judge might have refused to make any finding, unless the requests were properly amended. The judge, however, against the objection of the appellee, ruled that the requests for charge and the charge which were included in the proposed finding, might be construed as a sufficient request and statement of the questions of law, under the rules, and made a finding. We think the trial judge might well have ruled the other way. Possibly it would have been wiser if he had ruled against the appellant; such a practice would tend to an evasion of the law regulating appeals that might seriously limit its beneficial purpose.

The sufficiency of the request for a finding is a question to be passed upon by the trial judge. We do not discuss what remedy an appellee aggrieved by the decision on that question may have, because, if he has any remedy, it is not by plea in abatement to the appeal in this court, and the question of any other remedy is not before us, and has not been argued. We may fairly presume that, in view of recent decisions on this subject, the simple rules relating to appeals will be so followed that no question of this kind will arise hereafter.

It appears by the finding that " during the trial, the coun-sel for the defense made the claim that upon proof that the prosecuting officer, at the time of drawing the original inform-ation, knew to whom the alleged sale was made, he was in duty bound to insert the name in the information, and hav-ing failed so to do, the accused was entitled to a discharge. The defendant called H. A. Hull, Esquire, the Prosecuting Attorney of this court, who admitted having drawn or advised in the drafting of the original information, to testify as to his knowledge at that time regarding the person to whom the alleged sale was made. The Prosecuting Attorney of the town court of Stonington was also called to testify regarding the same matter. Upon this evidence the State claimed to have proved that neither Mr. Hull nor the Prosecuting At-torney had knowledge, at the time the original information was drawn, as to whom the alleged sale was made, but that officer Gilmore, in giving them information regarding the sale did not state to whom the sale was made, but said that there was ample proof of the sale, which would be forthcom-ing at the time of the trial. The defense claimed from this testimony and from the other testimony in the case, that both said Hull and the Prosecuting Attorney of the town court in Stonington, or at least one of them, knew at the time the original information was drawn, to whom the alleged sale was made, and that Mr. Hull was present and heard the testi-mony in the lower court."

In respect to these claims the defendant requested the court to charge the jury as follows:—

(1) " If it appears that the name of the purchaser of in-toxicating liquors is known to the law officers making a complaint, at the time of making the same, for the illegal sale of intoxicating liquor, the name of the purchaser must be given in the complaint, and if the sale in such case is charged as being made to a person unknown, then the de-fendant must be acquitted.

(2) " If the complaint in this case was made for no par-ticular offense of illegal selling and without any particular offense in view, then the defendant must be acquitted.

State v. Duffy.

(3) "Where a witness testifies positively that he was present at a trial and heard a certain statement of a witness, and another witness testifies that he was present at the same trial and did not hear any such statement, and that he could have heard it if made, the witness who testifies that he heard the remark is, everything being equal, entitled to more credit than the opposite; because if no such statement was made, the first witness commits perjury, whereas the second witness who testifies he did not hear the statement, may be mistaken."

Each of these requests was complied with. The judge charged the jury that the law was, in these respects, as stated by the defendant's counsel. The defendant has appealed, and assigns as reasons for his appeal that the judge erred in the remarks he made to the jury in connection with the several requests. We have gone over the finding with considerable care, and are not able to concur with the appellant. In every case where a court is requested to instruct the jury as to a rule of law, the request, if granted, must be accompanied with such comments as will enable the jury to apply the rule to the facts claimed to be proved in the case. Wherever the facts are disputed, the rule of law must be stated to the jury, conditioned upon their finding the facts to be as claimed by the party making the request. This is what was done in the present case. Take the first request: the rule of law could only be applied if the jury found that the prosecuting officer at the time the information was drawn, knew the name of the person to whom the alleged sale of liquor was made. And the judge said to the jury, commenting upon the evidence on this part of the case, that they should not guess, but should be satisfied by the proof on this point, as upon any other question. So as to the second request: what was said was by way of illustration of the sort of a case to which that request would apply. It was said to aid the jury in making a proper application of the request to the facts claimed to be shown by the evidence before them. As to the third request, the remarks of the judge were well calculated to guide the jury to the right use of the rule stated.

On the whole we think the comments of the judge were not only not erroneous, but were fair and reasonable, and such as were suited to the circumstances of the case. They were within the rule heretofore laid down many times by this court and other courts. *First Baptist Church* v. *Rouse*, 21 Conn., 160, 167; *Lillibridge* v. *Barber*, 55 id., 366; *Comstock's Appeal*, ibid., 215; *People Sav. Bank* v. *Norwalk*, 56 id., 547; *Butte Hardware Co.* v. *Wallace*, 59 id., 336; *Greenleaf* v. *Birth*, 9 Peters, 292, 299; *Rowell* v. *Fuller*, 59 Vt., 688. We think the appellant has no ground of complaint.

We are not, however, prepared to commit ourselves unreservedly to the rule stated by the trial court in this case in the first request: that when any person is on trial upon an information for selling liquors without a license, which charges a sale to a person unknown, and it is shown that the name of the person to whom the alleged sale was made was known to the informing officers, the accused must be acquitted. That there are authorities to this effect is true; and very respectable ones. But whether it may not be successfully shown that these authorities rest upon an erroneous assumption, we desire to leave for future discussion if a case should ever arise.

It is true that the identification of the person upon or against whom a crime is committed, has always been considered as material to constitute the offense; and so the person aggrieved by the crime, or from whom property has been stolen, must be described by name, or, when that is impracticable, by the best description attainable; but if the name of a third party be immaterial to constituting the offense, it may be rejected as surplusage. *U. S.* v. *Howard*, 3 Sumner, 12. But in this case the offense is a statutory misdemeanor, and consists in selling liquor without a license. The material facts that constitute the offense are two: the act of selling liquor, and the non-possession of a license. The kind, quantity, and value of the liquor, the person or persons who purchase it, the manner and circumstances of selling it, may all in the course of the trial become material to the proof of the

offense; but the detailing of all such matters in the information, is not material to constituting the offense created by the statute.    The offense is not against any person; it is against the State alone; a mere violation of a police regulation, and is complete with the action of an unlicensed person by which he sells liquor.    Whether the name of the purchaser, known or unknown, is more material to the description of the offense created by the statute, than the kind or quantity of the liquor sold, or the bill of sale, or coin given in payment, or other evidence of the act of selling,—as said above, we leave for future discussion.

There is no error.

In this opinion the other judges concurred.