THE SCHOLFIELD GEAR AND PULLEY COMPANY *vs.* JOSEPH J. SCHOLFIELD.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under General Statutes, § 1111, and rule 17, § 5, General Rules of Practice (58 Conn. 585), the trial court in every civil action must cause the facts on which its final judgment is based, to appear of record, without regard to whether it is or is not to be made the subject of appellate proceedings.

While under Chap. 194, § 7, of the Public Acts of 1897, p. 889, the trial judge cannot be compelled to make a finding for purposes of an appeal, unless the draft submitted to him states the questions of law which it is desired to have reviewed, he nevertheless may make such a finding upon his own motion, and without any request; and it is entirely proper to do so where a request is presented which by a merely formal error is deprived of its mandatory effect.

Should the appellee, however, be prejudiced by the omission of the appellant to specify in the proposed finding the grievances which he desired to have reviewed, and his objections to such draft be overruled by the trial judge, this court, upon seasonable application, will grant him suitable relief.

Whether this court while sitting in one district can, on motion, pass an order regulating the disposition of an appeal pending in another, *quære*.

[Argued April 26th—decided May 4th, 1898.]

MOTION in the Supreme Court of Errors for permission to file a written application for an order vacating an appeal from a judgment of the Superior Court in New London County (*George W. Wheeler, J.*), and for a release of the stay of execution thereon. *Permission denied.*

The motion was presented to this court while holding its April term in the third judicial district, together with the application which leave was asked to file; and a rule upon the adverse party to show cause against granting the motion was issued by order of the court, returnable at a later day of the term.

The application was verified by affidavit, and stated the following case: Judgment was rendered on a verdict for

Scholfield Gear & Pulley Co. v. Scholfield.

damages in favor of the Scholfield Gear & Pulley Company against Joseph J. Scholfield, on November 18th, 1897, by the Superior Court for New London county. The defendant gave notice of an appeal, and in due season filed a proposed finding of facts, prefaced by a written request that it should be made by the court. It simply recited certain evidence offered, the instructions to the jury requested by him, and those actually given. No other paper was filed in the nature of a request for a finding. The plaintiff made written objection to the filing of any finding by the court, on the ground that no proper request for one had been filed, and no statement made of the questions of law which the defendant desired to raise for review. The court ruled that this ground of objection was insufficient, and proceeded to make and file a finding, which stated all these facts, (in order to give the plaintiff an opportunity for a review of its action in that respect), and also that the failure to file a proper request had not impeded the court in preparing its finding, nor, in its opinion, the plaintiff in preparing its requests for a finding. The defendant thereupon proceeded to take and perfect his appeal to the May term, 1898, of the Supreme Court of Errors, to be held in and for the second judicial district, and the same was allowed by the clerk. The plaintiff had applied in vain to the judge of the Superior Court who held the term at which the judgment was rendered, and made the finding, to withdraw the latter and direct the appeal to be erased from the record, and release the stay of execution.

The prayer of the application was as follows: "Wherefore your petitioner prays this honorable court, in the exercise of its general appellate and superintending powers, to issue appropriate process either to said judge who tried said case, or to the clerk of said court, or to both, requiring and ordering that said finding be withdrawn and erased from the record of said court in said case, and that said appeal be disallowed and erased from the record, and that no further proceedings be had or allowed in the prosecution of said appeal; that the stay of execution caused by the filing of said finding and the filing and allowing of said appeal be released, and

that execution be ordered issued forthwith on said judgment in favor of the plaintiff; or for such other or further relief as the petitioner may be entitled to in the premises."

On the return day of the rule, counsel for both parties appeared.

*Donald G. Perkins,* for the plaintiff, in support of the motion.

The statute provides that the request *must* be in writing, and *must* contain a statement of the questions of law which the losing party desires to have reviewed *arising on his proposed finding.* Public Acts of 1897, Chap. 194, § 7. Strict compliance with this requirement is essential to the validity of an appeal. *White* v. *Howd,* 66 Conn. 266. The object of the statute is to apprise the opposite party and the court of the questions intended to be raised. *Ives* v. *Finch,* 28 Conn. 114. While this requirement was a matter of rule, the trial judge might possibly waive it or suspend it, but he cannot dispense with statutory requirements. The Supreme Court of the United States, in *Saltmarsh* v. *Tuthill,* 12 How. 387, say the courts cannot dispense with express statutory provisions regulating appeals. This case differs from *State* v. *Duffy,* 66 Conn. 555, in that here the judge has distinctly found and made part of his finding, that there was no such request, and he inserts this statement in his finding in order that plaintiff may have the Supreme Court determine whether the defendant is entitled to pursue his appeal. The fact that the proposed finding contained a copy of the charge and also of the requests to charge, does not make it a statement of the questions of law, and the judge did not so rule, but has found as a fact that no written request containing such statement of questions of law was filed. If the plaintiff has suffered a wrong in the premises, there must be a remedy, and we claim that it is by an application to this court. The written appeal is addressed to this court. The person with whom it is filed, and who takes the bond and who has charge of the appeal and the copy of record, is the clerk of this court, and must be subject to its orders and control in re-

spect to the appeal. Gen. Stats. § 828. The trial judge in preparing a finding "is preparing a statement for this court as a necessary part of the process of this court." *Thresher* v. *Dyer*, 69 Conn. 409; *Johnson* v. *Higgins*, 53 id. 238. This court not only has " a supreme and final jurisdiction in the last resort for the correction of errors of law," but it must have inherent power incidental to such jurisdiction, to correct errors and enforce duties in connection with the appellate process in any case to this court. Const. of Conn. Art. 5; Gen. Stats. § 815; *Styles* v. *Tyler*, 64 Conn. 450 ; *Atwater* v. *Morning News*, 67 id. 527 ; *McNamara* v. *McDonald*, 69 id. 409. The Supreme Court of the United States in frequent cases has granted mandamus to compel the lower court to settle bill of exceptions and allow an appeal, and in a few cases has granted relief where exceptions were improperly allowed. *Saltmarsh* v. *Tuttle*, *supra*; *Davidson* v. *Lanier*, 65 U. S. 631; *Clark* v. *Hancock*, 94 id. 493.

*W. A. Briscoe*, for the defendant, in opposition to the motion, was stopped by the court.

BALDWIN, J. General Statutes, § 1111, provides that all courts shall " cause the facts on which they found their final judgments and decrees to appear on the record; and such finding, if requested by any party, shall specially set forth such facts." This was one of the innovations of the Practice Act of 1879; the former statute, for which this was substituted, only directing that " courts of equity shall cause the facts on which they found their decrees to appear on the record." Stat. Rev. of 1875, p. 444, § 10. Under the first of the Rules of Court for making up records of judgments under the Practice Act (58 Conn. p. 585, § 5), when there is no request for a special finding, a general find'ng of the issues for the prevailing party is " equivalent to a finding that all his material allegations which were put in issue " were true, and satisfies the law; but where only a part of these are found true, " the judgment must indicate the particular facts found."

The duty thus cast upon the court is to be discharged in every civil action, whether the judgment is or is not to be made the subject of appellate proceedings.

In cases which may be brought before this court on appeal, if it becomes necessary for the proper presentation of the questions of law which are involved, that there should be any further finding than that prepared by or for the court in ordinary course, either as respects the facts in issue or the proceedings at the trial, the statute provides that the trial judge shall make it, on the written request of the party proposing to appeal, and that this request shall be presented in a prescribed form. Public Acts of 1897, Chap. 194, p. 889, §§ 6, 7. He cannot be compelled to make it unless such a request is filed, but without any such request he has a right to make it, of his own motion; and it is entirely proper that he should take such action where, as in the present case, a merely formal error in the papers presented is all that deprives them of their mandatory effect.

The statutory provision as to what such requests should contain is for the benefit both of the judge and the adverse party. The judge can waive the protection thus offered, for himself, at will; but the party might sometimes be seriously misled by the omission of his opponent to state in precise terms the grievances which he desired to make the subject of review. In such a case, should his objections to the request be overruled by the trial court, and his defense against the appeal be thereby prejudiced, while he could not plead this in abatement, he could, if necessary, obtain relief from this court on seasonable application, by an order giving him an opportunity to amend his counter-finding, or further time in which to prepare one, or modifying the finding made. *State* v. *Duffy*, 66 Conn. 551, 555.

The application, in the present instance, shows on its face that the appellee can have suffered no injury from the rulings of the trial court. Leave to file it is therefore denied, on the ground that it has no merits, and we have no occasion to discuss the other question presented by a motion addressed to this court while sitting in one district, for

action with reference to a judgment rendered and appeal pending in another.

The motion is denied.

In this opinion the other judges concurred.