WILLIAM O'NEIL ET AL. *vs.* THE MANUFACTURERS NATIONAL BANK.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A condition precedent to the recovery of money paid by mistake, is a finding that the receiver ought not in equity and good conscience to retain it. Accordingly, the payment, under mistake, of a forged

note, by its purported maker, does not entitle him to recover the sum so paid, if that amount was in fact due from him to the one to whom it was paid.

To avoid circuity of action and useless expense, the law does not require the payment of money by one to another which the latter is bound to immediately refund.

A conflict between the finding as made, and certain paragraphs of the draft-finding marked "proven" and "not proven," which was apparently due to the inadvertence of the trial judge and does not affect the merits of the case, will not avail the appellant.

During the argument in this court the appellee contended that the appeal should be dismissed because the appellant had not stated, in his request for a finding, the questions of law he desired to have reviewed. *Held* that it was a sufficient answer to this contention that it came too late.

Argued April 10th—decided July 23d, 1918.

ACTION to recover money alleged to have been paid by the plaintiff William O'Neil to the defendant through mistake, brought to the City Court of Waterbury whence it was transferred, upon motion of the defendant, to the District Court of Waterbury, and tried to the court, *Makepeace, Deputy-Judge;* facts found and judgment rendered for the plaintiff William O'Neil for $156, and appeal by the defendant. *Error; judgment to be entered for defendant.*

James J. O'Keefe discounted at defendant bank a note for $400, dated June 14th, 1906, and payable two months after date, made by William O'Neil to him as payee and indorsed by him and Dan O'Neil.

Partial payments were made by O'Keefe upon this indebtedness, and with each payment the bank took from O'Keefe a note for the amount of the unpaid balance upon the preceding note, which, in each case, purported to be made by William O'Neil and to be indorsed by said Dan O'Neil and himself.

On February 28th, 1907, this indebtedness had been reduced to $150, and a note for this sum, purporting to be made by William O'Neil to James J. O'Keefe

as payee and indorsed by said O'Keefe and Dan O'Neil, was discounted by the defendant bank.

The bank received each of said notes from O'Keefe as payment for the preceding note, without presentment or notification to William O'Neil or Dan O'Neil, and either cancelled or surrendered to O'Keefe each preceding note. The names of said William O'Neil and Dan O'Neil on each of these notes, except the original note of $400, was a forgery, and each was executed by O'Keefe without the knowledge of either William or Dan O'Neil.

On April 30th, 1917, William O'Neil received notice that the note for $150 was due, and he paid the same to the defendant bank.

The signature of William O'Neil upon said note bears no resemblance to his real signature.

The defendant bank negligently accepted each of the notes with forged names thereon, in partial satisfaction of the preceding note.

On the same day he paid this note William O'Neil discovered that his name upon it was forged, and demanded repayment from defendant, which was refused.

*Edward F. Cole*, for the appellant (defendant).

*Andrew D. Dawson*, for the appellee (plaintiff).

WHEELER, J. The defendant bank was a holder of the original note in due course. From time to time a payment was made to the bank upon the loan, and a new note was given for what then remained due upon the original debt. The notes given subsequent to the original note were forgeries as to the names of the maker, William O'Neil, and the indorser, Dan O'Neil. These forged notes cannot be held to have ever paid in full or in part the original indebtedness. They were mere

pieces of paper, in no wise affecting the liability of the original maker to the bank. His liability to the bank was evidenced by the original note, and until the indebtedness so evidenced was paid or discharged it continued.

As we read the finding, it is that $150 of this original indebtedness was represented by the last forged note and was due and unpaid at the time of trial. It must follow, that the maker of the original note is still liable for this indebtedness unless the defendant bank has discharged him from liability directly, or by its course of conduct. The finding shows that there has been no direct discharge. The claim is made that the defendant bank, by negligently accepting this forged paper, has prejudiced the rights of the maker by preventing his successful action over against O'Keefe, the payee. The facts found do not support this claim. The maker was primarily liable to the bank, and, so far as we know, he has no action over against the payee, O'Keefe.

The appellee presses upon us his contention that there is a serious and irreconcilable conflict between the paragraphs of the draft and counter-finding marked "proven" and "not proven," and the finding as made. It is quite true that there is some conflict, arising, we presume, through inadvertence of the trial court in the marking of these paragraphs. But we do not think this conflict affects the substantial merits of the case. The appellee correctly interprets the situation: its case depends upon the finding of the existence of an obligation arising at the time of the making of the original note for $400; and on the immediate point of the existence of such obligation there is no conflict. The trial court marked "not proven" the paragraphs specifying the existence of an obligation on the part of the plaintiffs, who were not only the maker, but O'Keefe the payee and indorser as well. In all probability the

trial court had in mind the fact that the liability of O'Keefe as indorser upon the original note no longer existed, since he received no notice of protest of this note, while the liability of the maker, William O'Neil, continued. He was under no obligation to pay the forged note for $150, and it is clear that he paid it under a mistake. It does not follow that he is entitled to recover the sum paid. At this time he in fact owed the bank the sum which this note purported to represent.

A condition precedent to the recovery of money paid by mistake is a finding that the receiver ought not in good conscience to retain it. The circumstances surrounding this payment do not make such a finding permissible. *Mansfield* v. *Lynch*, 59 Conn. 320, 327, 22 Atl. 313. Since this amount is due on the indebtedness evidenced by the original note, the bank may at any time recover it. The folly of compelling the bank in this action to repay the maker the $150 paid on the forged note, and immediately pay back to the bank the sum, is apparent. The injustice of penalizing the bank with a bill of costs and the vexation and cost of maintaining another action, indicate the injustice of compelling it to now return the sum received upon the forged note.

The plaintiff William O'Neil has not suffered through the acceptance of this forged note by the bank, nor by his payment of the face of the note, since his payment liquidated his indebtedness due the bank created at the time of the making of the original note.

The appellee claims that the appeal should be dismissed, because the defendant failed to present, in its request for a finding, any questions of law which it desired to have reviewed. The trial court has made its finding without reference to this omission by the appellee, who has permitted the case to reach the argument upon the merits of the appeal before raising the

point.  It is a sufficient answer to the claim to point out that it is too late to make it.

There is error and the cause is remanded with direction to enter judgment for costs in favor of the defendant.

In this opinion the other judges concurred, except PRENTICE, C. J., and BEACH, J., who dissented.