WILLIAM S. CARLSON ET UX. *vs.* HERBERT F. ROBERTSON.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

This court will not order a trial judge to make a finding in a case tried to the jury, if the draft-finding submitted by the appellant wholly fails to comply with the rule (Pr. Bk. p. 308, § 7) respecting the contents of such a paper, and affords no assistance whatever to such judge in preparing a proper finding.

In a case tried to the jury the so-called "finding" does not purport to set forth the facts actually proven, but simply recites that evidence was offered by the parties to prove specified contentions of fact, and their respective claims thereon, together with such of the rulings as were excepted to, and such portions of the charge, or other questions arising in the case, as the appellant may properly present for review.

Ordinarily the trial judge will allow counsel whose draft-finding is faulty through his oversight or inexperience, an opportunity to remedy its defects, in order to protect the rights of the litigant; and this court will assume that such course was followed, in the absence of anything in the record to indicate the contrary.

Argued March 4th—decided March 31st, 1924.

APPLICATION to the Supreme Court of Errors for an order requiring the judge of the Court of Common Pleas in Hartford County (*Molloy, J.*) to make and file a finding of facts in the above-entitled cause, in order

to enable the defendant therein to appeal from an adverse judgment.  *Demurrer to application sustained.*

*Wilbur G. Manchester,* in support of application.

*James T. Mather,* in opposition to application.

PER CURIAM.  The application to us prays that this court order *Judge Molloy* to make and file a finding in the above-entitled case tried to the jury, in order that the appellant, defendant therein, may have reviewed by us four portions of the charge alleged to have been made in that case and several omissions to charge. The demurrer to the application by the plaintiff herein, contains twelve grounds, only two of which we purpose considering, viz: 3. "Because in a jury case the defendant's draft-finding should state what evidence both parties offered to prove, and claimed to have proved, in said case and not attempt to set forth the character, weight, effect, insufficiency, or absence of testimony. 4. Because it appears that said request for a finding and draft-finding will not assist the trial judge in any way to prepare a proper finding."  Turning to the draft-finding attached to the application, we find it stated that the plaintiffs offered evidence to prove and claimed to have proved the terms of the contract as set up in the first count of the amended substituted complaint and the breaches thereof as set forth in paragraphs two, three and four of that complaint, and that the defendant offered evidence to prove and claimed to have proved the terms of the contract as set forth in his second defense to the first count by way of set-off, and the various matters set forth in his counterclaim. Aside from this, the remainder of the draft-finding, which comprises almost all of it, does not state or purport to state that either plaintiff or defendant offered

evidence to prove or claimed to have proved any other facts. Instead of these, it purports to state facts established by the uncontradicted or undisputed evidence, and facts concerning which no evidence was offered. Rules of Court (Practice Book, p. 308), § 7, provides: "When error is claimed in a charge to the jury, the finding should state, as fully as may be necessary to show what is claimed to be the error, the facts claimed by each side to have been proved by the testimony offered, the request to charge, and so much of the charge as may be necessary. Such a finding does not establish the existence of any of these facts: it only establishes that there was evidence tending to show their existence." Under this rule the practice has long been established that in a case tried to the jury the finding should state the facts which the parties claim have been proved, with their claims thereon, and such of the rulings and such portions of the charge of the court or other questions arising in the case as the appellant desires to have reviewed. *Elliott* v. *New York, N. H. & H. R. Co.*, 83 Conn. 320, 327, 76 Atl. 298.

The draft-finding upon which this application is based did not comply or purport to comply with this rule of court. The trial judge was not required to himself make a finding when the appellant had failed to furnish him one. We cannot hold, upon the facts alleged in the application, that the trial court was in error in refusing to make this finding, and we must hold that the two grounds of demurrer to which we have referred were well taken.

In ordinary practice if a trial court is of the opinion that counsel for an appellant has failed to furnish a proper draft-finding through inadvertence or a misconception of the rules, it will endeavor to give counsel an opportunity to furnish a proper draft-finding. It will do this of its own motion in order to protect the

rights of the litigant. We assume, in the absence of anything in the record to the contrary, that this practice has been pursued in this case.

The demurrer to the application is sustained on grounds three and four.