Rybczyk *v.* Garlick.

---

ANDREW RYBCZYK *vs.* ARTHUR GARLICK.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

This court will not order a trial judge to make a finding of facts, if the appellant's request for a finding and his draft-finding wholly fail to comply with the rules respecting the contents of such papers.

Ordinarily the trial judge will allow counsel whose request for a finding and draft-finding are faulty, an opportunity to remedy the defects, in order to protect the rights of the litigant.

A request for a finding which contains numerous paragraphs in the form of queries whether or not the court erred in rendering judgment in view of certain quoted excerpts from the testimony or isolated facts claimed to have been proven, does not meet the requirement of the rules that it set forth a statement of the questions of law which it is desired to have reviewed.

A draft-finding is defective unless it contains such of the facts claimed to have been proven as are necessary to present properly to this court the questions to be reviewed upon appeal.

Argued January 7th—decided January 28th, 1926.

APPLICATION to the Supreme Court of Errors by the defendant for an order directing the trial judge (*Hinman, J.*), in the Superior Court in Hartford County, to make and file a finding of facts for the purposes of an appeal, to which the plaintiff demurred. *Demurrer to application sustained.*

*William J. Malone,* for the plaintiff, in support of the demurrer.

*Ralph C. Coppeto,* for the defendant, in opposition to the demurrer.

MALTBIE, J. To this application, seeking from us an order directing a judge of the Superior Court to make a finding of facts in furtherance of an appeal, the respondent has demurred. The application alleges that judgment against the applicant was rendered in the trial court on February 5th, 1925; that notice of appeal to this court was duly filed; that "within the time allowed by law" the defendant filed in the trial court a request for a finding, in which the trial judge was asked to make a finding for the purpose of presenting to this court certain questions of law, which are recited at length; and that a copy of this request is attached to

the application, together with a memorandum of the trial judge refusing to comply with it. Among the documents attached to the application is a paper which is entitled "Assignments of Error," but which does contain a request to the trial judge to make a finding of facts for an appeal, and another paper entitled "Proposed Draft Finding of Facts." Both of these papers bear the date, October 26th, 1925, and a comparison of the former with the statement of the questions of law recited in the application, discloses material discrepancies. We must conclude that these documents do not constitute the request for a finding which the application alleges was filed in the trial court within the time allowed by law. The memorandum of the trial judge denying the request for a finding shows that his reason for so doing was that the "Request for Finding" then before him was "manifestly inappropriate and insufficient and that no finding of facts based upon it could properly be made," and the memorandum also states that applicant's counsel had been advised of this situation more than three months before and given an opportunity to file a request which would comply with the rules, but had neglected to do so. In thus affording an opportunity to replace a request for a finding which he deemed to be defective with one which should comply with the requirements of law, the trial judge followed the approved practice. *Carlson* v. *Robertson,* 100 Conn. 524, 526, 124 Atl. 219.

The only possible ground upon which we could now order him to make a finding, would be because he had refused to act upon a request made in reasonable compliance with our rules. It would afford sufficient reason for sustaining the demurrer that we have not before us the "Request for Finding" filed in the trial court, and hence cannot determine whether or not it did comply with the rules. But even if we were to

assume that the documents attached to the application were substantially the same as those filed in the trial court, our conclusion would be the same. The request contains twenty-six paragraphs, of which all but two or three are queries whether the court erred in rendering the judgment in view of brief excerpts of testimony recited in them or isolated facts claimed to have been proven. Such a request violates both the letter and the spirit of the requirements of our statute and rules, and imposes no obligation upon the trial judge to comply with it. *Goodno* v. *Hotchkiss,* 88 Conn. 655, 658, 92 Atl. 419. Moreover, the "Proposed Draft Finding" contains but thirteen short paragraphs, does not include many of the circumstances which, judging from the terms of the request, the applicant claimed to have proven, and is wholly inadequate properly to present to this court the questions suggested by that request as matters to be reviewed upon appeal. The trial judge certainly was under no obligation, confronted with such papers as these, to make any finding.

The demurrer to the application is sustained.

In this opinion the other judges concurred.