ALBERT B. DIBBLE *v.* KATHERINE · H. WOLFF ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, JS.

Argued January 4—decided March 22, 1949.

*David J. McCoy,* with whom was *Benedict S. Moss,* for the appellant (defendant Hennessey).

*Frederick C. Hesselmeyer,* with whom was *Nathan Reback,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action to recover for personal injuries and for damage to his automobile sustained at a street intersection in New Haven on May 23, 1945, in a collision between his car, which he was driving, and that of the defendant Hennessey, driven, it was alleged, as a family car by his daughter, the defendant Wolff. Each defendant filed an answer denying the principal allegations of the complaint and alleging contributory negligence as a second defense, and a counterclaim. The court rendered judgment against both defendants for the plaintiff to recover on his complaint, and in favor of the plaintiff on the counterclaims. An appeal was filed by counsel for the de-

fendants, but the papers were so carelessly drawn as to render it uncertain whether the appeal had been taken by one or both. By the brief of the defendant Hennessey, hereinafter called the defendant, the appeal is now restricted to him.

Error is assigned in the court's failure to find that the defendant had made the claims of law "appearing in" the questions of law stated in his request for a finding. In the draft finding the defendant failed to state his claims of law made in the trial court with the court's rulings thereon, as required by the rules. Practice Book § 342 and Form No. 645 (A). The court might properly have called counsel's attention to this omission and afforded opportunity to remedy it. *Carlson* v. *Robertson,* 100 Conn. 524 526, 124 A. 219; *O'Keefe* v. *Bassett,* 132 Conn. 659, 660, 46 A. 2d 847; *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 478, 58 A. 2d 387. The fault was not corrected and the court's finding in response to the request and draft finding recites no claims of law as called for by the rules. Practice Book § 344. Ordinarily, the trial court is under no obligation to make a finding where the request and draft finding are materially defective. *Rybczyk* v. *Garlick,* 103 Conn. 754, 757, 131 A. 738; Conn. App. Proc. § 71. It may, however, accept such a request and draft finding as sufficient. *State* v. *Duffy,* 66 Conn. 551, 555, 34 A. 497; *Goodno* v. *Hotchkiss,* 88 Conn. 655, 658, 92 A. 419. Where it does so but fails to include a statement of the claims of law made by the appellant at the trial, the defect will not necessarily defeat the appeal, provided the record reasonably discloses what the claims of law were and it appears that the rights of the appellee will not be prejudiced. See *Scholfield Gear & Pulley Co.* v. *Scholfield,* 70 Conn. 500, 504, 40 A. 182; *O'Neil* v. *Mfrs. National Bank,* 92 Conn. 667, 671, 104 A. 390; Practice Book § 423. That is the situation

here. The defendant's request for a finding fully set forth the questions of law which he asked to have reviewed. The only one involved in this appeal we quote below.

No error is assigned as to any fact found or any conclusion reached by the court. The only error assigned, aside from that complaining of the omission of the claims of law, is that the court erred "in holding that the so-called 'family car doctrine' was applicable to the defendant Hennessey, when the defendant-driver, Katherine H. Wolfe, his daughter, had her husband's automobile for her own use and who resided with her own immediate family, in another town and county, and who was not living in the defendant John J. Hennessey's household at the time of the collision and who had not lived there for several years prior thereto." In support of his claim under this assignment, the defendant urges that, to constitute one a member of the car owner's family in the sense requisite to liability under the family car doctrine, it is essential, although consanguinity is not necessary, that one be a member "of a collective body of persons living in one household and under one head and government." The contention of the defendant boils down to this: Since the defendant Wolff was living in a separate home of her own and so was not one of those constituting his household, he could not be held liable under the family car doctrine. He has referred to authorities which it is claimed support this proposition. In the view which we take of the question as presented upon the record before us, it is unnecessary to consider the general principle which the defendant advocates. The question is whether upon this record the facts found are sufficient to support the conclusion that the defendant is liable under the family car doctrine.

This is a summary of the material facts: The defend-

ant owned the car which his daughter negligently operated on May 23, 1945, and which collided with the plaintiff's car. At the time, the daughter was driving her mother to the home of the latter and the defendant in Ansonia where the car was kept. As she approached the intersection where the collision with the plaintiff's car occurred, she was being directed by her mother as to the route to take to Ansonia. Earlier that day she had driven her mother to New Haven to visit with friends of the latter, and they were returning from a shopping trip when the accident happened. The defendant Wolff was married August 1, 1942. In May, 1945, she resided in Huntington, Connecticut. Her husband was in the armed services. Before her marriage she lived with her parents at their residence in Ansonia, and she had general authority to drive the defendant's car both before and after her marriage, particularly when her mother, who was unable to drive, desired to use the car. The car was maintained by the defendant as a family car, and his wife and daughter had general authority to use it. A further fact found, undisputed except for the indirect challenge involved in the defendant's assignment of error quoted above, was that the car was being used as a family car at the time of the collision.

The court's conclusion that the defendant failed to sustain the burden of rebutting the presumption raised by § 1658c of the Cumulative Supplement of 1935 (Rev. 1949, § 7904) indicates a misconception as to the effect of the statute. As was stated in *O'Dea* v. *Amodeo*, 118 Conn. 58, 65, 170 A. 486, "the intent of the statute is that the presumption shall avail the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the

plaintiff to establish, in view of the facts so found, that the car was being operated at the time as a family-car." The mere production of evidence of these circumstances will not suffice to remove the presumption, for the court might disbelieve it. It is only when the facts are found that the presumption disappears. When they are found, the plaintiff cannot prevail unless those facts, without regard to the presumption, afford a sufficient basis for finding that the car is a family car. Since the court found the facts recited above and since they are both relevant to and adequate for the determination of that issue, the presumption ceased to have any place in the case. The question then was: Did those facts afford a reasonable basis for a conclusion that the car was being used as a family car? If they did, the court's misinterpretation of the effect of the statute would not vitiate the judgment.

The ultimate question is therefore whether under the circumstances shown by the finding the fact that the defendant's daughter was not a member of his household renders the family car doctrine inapplicable. The doctrine, as we have repeatedly stated, is: " . . . when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." *Haugh* v. *Kirsch*, 105 Conn. 429, 431, 135 A. 568; *Stickney* v. *Epstein*, 100 Conn. 170, 178, 123 A. 1; *O'Keefe* v. *Fitzgerald*, 106 Conn. 294, 298, 137 A. 858; *Durso* v. *A. D. Cozzolino, Inc.*, 128 Conn. 24, 26, 20 A. 2d 392. That the defendant owned this car and maintained it for the general use and convenience of his family, that his wife was a member of the family having general authority to use

it, and that at the time of the accident it was being used within this authority for her pleasure and convenience, is not disputed. Assuming for the purposes of this decision that the defendant could not be held liable on the theory that his daughter was "a member of the family" within the family car doctrine, it does not necessarily follow that no recovery can be had upon the ground that his wife was such a member under it. The question decisive of this appeal is whether on this record the daughter's negligence was that of her mother within the doctrine.

"The rule rests on the broad ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his affairs and within the scope of their authority"; and "when a paterfamilias maintains an automobile for the pleasure, use and convenience of his family and in pursuance of such purpose authorizes members of his family to use it for such purpose, he by so doing makes such pleasure uses his affair, and constitutes members of the family so operating the car his agents engaged in the prosecution of his affairs." *Stickney* v. *Epstein,* supra, 179. A vital element in the application of the rule "is the scope of the intended use of the car." *Durso* v. *A. D. Cozzolino, Inc.,* supra, 30. It "applies where the member of the family who is using the car is carrying out the very purpose for which the owner maintained it." *Slattery* v. *O'Meara,* 120 Conn. 465, 469, 181 A. 610. These principles are significant in this case because of the undisputed facts. The defendant's wife could not drive herself. Therefore, in giving her authority to use the car, as he did, the defendant necessarily included the power in her to get someone to drive it for her when she wanted to use it. The purpose of the trip to

New Haven was to take her to visit friends. Therefore, not only was the car being used for the very purpose intended by the defendant, that of serving the pleasure and convenience of his wife, who was unable to drive, but it was being driven for her by their daughter under his wife's immediate direction and with his approval and consent. Under the familiar legal maxim "qui facit per alium facit per se," the daughter's act became that of her mother and this rendered the family car doctrine operative to charge the defendant with liability. *Eagon* v. *Woolard*, 122 W. Va. 565, 568, 11 S. E. 2d 257; *Kayser* v. *Van Nest*, 125 Minn. 277, 278, 146 N. W. 1091; see *Carrier* v. *Donovan*, 88 Conn. 37, 41, 89 A. 894; *Geiss* v. *Twin City Taxicab Co.*, 120 Minn. 368, 372, 139 N. W. 611.

There is no error.

In this opinion MALTBIE, C. J. and JENNINGS, J., concurred; ELLS, J., concurred in the result.

O'SULLIVAN, J. I dissent. *Dudley* v. *Deming*, 34 Conn. 169; *Styles* v. *Tyler*, 64 Conn. 432, 30 A. 165.