[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#139) 
I. Procedural Background and Standard of Review 
On July 30, 1999, the plaintiff, Hilary Galland, filed an amended two-count complaint against the defendants, Richard Bishop, as administrator of the estate of Christopher Luke Yohan, and George Galland. The first count, which is directed at Bishop, alleges the negligent operation of a motor vehicle and the second count alleges the vicarious liability of Galland. In August 1999, Galland and Bishop filed separate answers to the amended complaint. On August 18, 2000, pursuant to Practice Book § 17-44 et seq., the plaintiff filed a motion for interlocutory summary judgment as to both defendants. On October 30, 2000, Galland filed an objection to the motion for interlocutory summary judgment. Bishop has not filed an objection to the motion for an interlocutory summary judgment.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 460 that the moving party is entitled to judgment as a mailer of law." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 368, ___ A.2d ___ (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
II. Motion for Interlocutory Summary Judgment as to the Defendant Bishop 
In his answer, Bishop admitted the following facts. Bishop admitted that the plaintiff was a passenger in the 1986 Pontiac station wagon and that the deceased Christopher Luke Yohan was operating the car. Bishop further admitted that he was appointed administrator of the estate of Yohan by the Probate and Family Court Department of Orange County Massachusetts.
Attached to the motion for summary judgment is a subscribed and sworn statement of a witness testifying to the following events. On April 4, 1997, the car involved in the accident was traveling north in the easternmost lane of Route 9. The car abruptly made a left turn against a red light onto Washington Street (Route 66) by crossing three lanes of northbound traffic and three lanes southbound traffic. A car traveling north on deKoven Drive with a green light collided with the car driven by Yohan causing it to roll over two times. (Statement of John Heft dated April 4, 1997.) A different witness, traveling Route 9 on the southbound side with the green light, corroborated the statement of Mr. Heft that Yohan crossed against the light and oncoming traffic. (Statement of Debbie Simon dated April 4, 1997.) Moreover, the driver of the car that collided with the Yohan also stated that Yohan turned against a red light. (Deposition of Andrew Luangkhot, p. 23.) Issues of negligence are not generally resolved on a motion for summary judgment; Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); where, however, "there [are] no contradictory affidavits, the court properly [decides] the motion [for summary judgment] by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). CT Page 461 "Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles. . . ." (Internal quotation marks omitted" Gore v. PeoplesSavings Bank, 235 Conn. 360, 376, 665 A.2d 1341 (1995). The violation of a statute constitutes negligence per se where (1) the plaintiff is "within the class of persons protected by the statute," and (2) "the injury suffered is of the type that the statute was intended to prevent." Id., 368-69. The court finds that the plaintiff's affidavits and other proof indicate that the plaintiff's injuries were cause by Yohan's negligent operation of the motor vehicle in violation of General Statutes § 14-299(b)(3).[1] Proof of a violation of § 14-299(b)(3) constitutes negligence per Se. Paige v. Romans, Superior Court, judicial district of New Haven at New Haven, Docket No. 416280 (March 29, 1999,Devlin J.) Accordingly, it is decided that the motion for interlocutory summary judgment as to Bishop's liability, as administrator of the estate of Yohan, should be granted.
III. Motion for Interlocutory Summary Judgment as to Defendant Galland
The plaintiff also seeks interlocutory summary judgment on the second count of the complaint seeking to hold George Galland vicariously liable for her injuries. Specifically, the plaintiff argues that she is entitled to judgment as a matter of law and that there are no genuine issues of material fact with respect to the agency relationship between Galland and the decedent Yohan. Alternatively, the plaintiff argues that there is no genuine issue of material fact regarding the applicability of the family car doctrine to the present circumstances.
A. The Agency Relationship Between Galland and Decedent Yohan. 
The plaintiff advances two arguments supporting her contention that the decedent Yohan was the agent of Galland. First, the plaintiff seeks to avail herself of the evidentiary presumption set forth in General Statutes § 52-183.[2] Lockwood v. Gorski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133909 (May 6, 1994, Mottolese, J.) The plaintiff also claims that as Galland's agent, when she permitted Yohan to operate the motor vehicle, he became her subagent. The plaintiff argues that the principal is vicariously liable for the acts of his agents and subagents. Galland argues that the existence of an agency relationship is a question of fact and thus the motion for summary judgment must be denied.
The existence of agency is ordinarily a question of fact but if the material facts are uncontested the agency relationship becomes a question of law. Hallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 674, 686 A.2d 491
(1997); Russo v. McAviney, 96 Conn. 21. 24. 112 A. 657 (1921). "[T]he CT Page 462 three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. Restatement (Second), 1 Agency § 1, comment b(1958)." (Citations omitted., internal quotation marks omitted.) Hallasv. Boehmke and Dobosz, Inc., supra, 239 Conn. 673.
Galland, in his responses to the plaintiff's requests for admission, admitted the following facts with respect to the agency relationship. Galland admitted that he was the owner of the motor vehicle driven by Yohan at the time of the accident. (Defendant Galland's Responses to the Plaintiff's Requests for Admission, Request 1.) Galland admitted that on April 4, 1997 and prior thereto, the decedent Yohan had his permission and authority to operate the motor vehicle in question and to do so for the benefit and convenience of the plalntiff. (Defendant Galland's Responses to the Plaintiff's Requests for Admission, Requests 5, 7, 8 and 9.) Galland also admitted that on April 4, 1997 and prior thereto, he did not place any restrictions on the use of the motor vehicle by the decedent Yohan or the plaintiff. (Defendant Galland's Responses to the Plaintiff's Requests for Admission, Requests 10, 11, 12, 13 and 14. See also Deposition of Hilary Galland, p. 99-103.) Finally, Galland admitted that on April 4, 1997 and prior thereto, the plaintiff had his permission and authority to allow the decedent Yohan to operate the motor vehicle. (Defendant Galland's Responses to the Plaintiff's Requests for Admission, Request 14.) Galland submitted for review an affidavit that stated: "I did not give specific permission to Luke Yohan to drive the car the night that the accident occurred. I did know that Hilary had a boyfriend named Luke Yohan. I did know that she sometimes allowed her friends at college to drive her in the car. Hilary had our permission to allow such driving by her friends, including Luke Yohan." Affidavit of George F. Galland, Jr., ¶ 4.
Viewing the facts in the light most favorable to the defendant; Milesv. Foley, 253 Conn. 381, 386 (2000); the court finds that there is no genuine issue of material fact as to the existence of an agency relationship between the decedent Yohan and Galland. The affidavit of Galland is insufficient to create a genuine issue of material fact with respect to the question of agency. Galland admitted that the decedent Yohan had his permission and authority to operate the motor vehicle in question and to do so for the benefit and convenience of the plaintiff. (Defendant Galland's Responses to the Plaintiff's Requests for Admission, Requests 5, 7, 8 and 9.) Galland's affidavit does not contradict the admitted authority that Yohan possessed to operate the motor vehicle. In light of Yohan's general authority to operate the motor vehicle and acknowledge previous course of conduct, the fact that Galland CT Page 463 did not give Yohan specific permission on the night of the accident is insufficient to create a genuine issue of material fact with respect to the question of agency.
B. The Applicability of the Family Car Doctrine. 
Moreover, the court may hold Galland vicariously liable for the plaintiff's injuries pursuant to the family car doctrine. "When a member of a family maintains a car for the pleasure, use and convenience of the family, and its purposes, he or she makes such pleasure and use a personal concern, thereby making those family members who use or enjoy the car his or her agents, as if they were pursuing the affairs of the owner. Dibble v. Wolff 135 Conn. 428, 434, 65 A.2d 479 (1949)." Cook v.Nye, 9 Conn. App. 221, 225, 518 A.2d 77 (1986).
The defendant relies on Koops v. Gregg, 130 Conn. 185, 32 A.2d 653 (1943) to oppose the motion for interlocutory summary judgment. In Koops, Donald Gregg, a student at Yale, loaned a motor vehicle, owned by Alice Gregg and living in New Jersey, to a fellow student named Tweedy to attend a party. Donald Gregg did not attend the party. There was testimony that Donald Gregg loaned the car out on other occasions; that Alice Gregg had no knowledge of Tweedy's use; and that Tweedy was not on an errand for Alice Gregg. The court stated that "[i]t would not be enough to establish Mrs. Gregg's liability that she left the use of the car while it was in New Haven to the discretion of her son and knew that he at times loaned it to others; or even that she might be pleased to have him do so because it might give him a better standing among his fellow students; the law does not, in determining agency, take account of indefinite considerations and possible motive of such a nature." Id., 191-192. TheKoops decision is not of particular value in analyzing the facts of the present case. The driver in Koops borrowed the car for his own purpose, to attend a party. Yohan, in the present case, was returning from a trip to the library at Connecticut College where the plaintiff needed to obtain a book for her senior thesis. The drive to Connecticut College was prompted by the specific purpose for which the car was provided to the plaintiff by Galland.
In Dibble v. Wolf, supra, 135 Conn. 428, however, the Connecticut Supreme Court upheld a judgment rendered by the trial court in favor of the plaintiff under the family car doctrine where the owner of the motor vehicle was held vicariously liable for an accident caused by his daughter driving her invalid mother. Vicarious liability was imposed under the family car doctrine even though the adult daughter, who was operating the motor vehicle, was married and maintained a separate household. The court held that because the defendant's wife could not drive herself "in giving her authority to use the car, as he did, the CT Page 464 defendant necessarily included the power in her to get someone to drive it for her when she wanted to use it." Id., 434. "[N]ot only was the car being used for the very purpose intended by the defendant, that of serving the pleasure and convenience of his wife . . . but it was being driven for her by their daughter under his wife's immediate direction and with his approval and consent. Under the familiar legal maxim `qui facit per alium facit per se,' the daughter's act became that of the mother and this rendered the family car doctrine operative to charge the defendant with liability." Id., 435.
Similarly, Galland admitted providing the motor vehicle as a family vehicle for the pleasure and convenience of the plaintiff. Defendant Galland's Responses to the Plaintiff's Requests for Admission, Request 3. The decedent Yohan was operating the car with the knowledge and authority of Galland. There were no restrictions on either the plaintiff's or Yohan's use of the motor vehicle. In fact, Yohan was operating the vehicle for the benefit and convenience of the plaintiff under the plaintiff's direction. Galland's lone affidavit does not contradict or create a genuine issue of material fact regarding the applicability of the family car doctrine. Under the facts of the present case, the court finds that there are no issues of material fact with respect to the applicability of the family car doctrine.
IV. Conclusion 
The plaintiff's affidavits and other proof indicate that the decedent Yohan negligently operated the motor vehicle and the defendant Bishop did not oppose summary judgment or submit any evidence, and, therefore, failed to raise a genuine issue of material fact. The plaintiff is therefore entitled to judgment as a matter of law. Accordingly, the motion for interlocutory summary judgment on the first count of the complaint alleging Bishop's liability for negligence is granted.
The defendant Galland has not produced evidence sufficient to raise a genuine issue of material fact with respect to the existence of an agency relationship between Galland and the decedent Yohan. Moreover, there is no genuine issue of material fact as to Galland's vicarious liability pursuant to the family car doctrine. Accordingly, the motion for interlocutory summary judgment on the second count directed at Galland is granted.
It is so ordered. 
By the court
Arena, J. CT Page 465