HAROLD L. KNAPP, EXTR.
(Estate of James Thomson)
vs.
LAWRENCE CHAMBERLAIN, ET AL.

Superior Court          Fairfield County          File #52278

Present:   Hon. JOHN A. CORNELL, Judge.

James A. Dougherty,          Attorney for the Plaintiff.

William C. Rungee;
Beers & Beers,          Attorneys for the Defendants.

MEMORANDUM FILED MAY 10, 1937.

CORNELL, J. It is found that the defendant, Lawrence Chamberlain, was negligent within the intendment of certain allegations of the complaint; that his negligence was a proximate cause of plaintiff's decedent's injuries and that the defendants have failed to prove that plaintiff's decedent was guilty of contributory negligence.

The car which defendant, Chamberlain, was driving at the time of the accident was owned by defendant, William H. Trefrey. It is alleged that when so operating it, the defendant, Chamberlain, was "the agent and representative of defendant, William H. Trefrey, and was operating said automobile as agent of and with permission of said William L. Trefrey . . . .".

That portion of this allegation which asserts that the defendant, Chamberlain, was driving defendant Trefrey's car with the latter's permission at the time of the collision is found to be proved. That fact, alone, of course, is not sufficient to impose liability on Trefrey for Chamberlain's negligence. **Middletown Trust Co. vs. Bregman, 118 Conn. 651, 657; Slattery vs. O'Meara, 120 Conn. 465, 470.**

Insofar as any imputation of defendant Chamberlain's negligence to defendant, Trefrey, under the provisions of **General Statutes, Cumulative Supplement 1935, §1658c** (imposing liability on the owner of a car under the so-called family car theory) is concerned, Chamberlain, as the driver of the car fulfilled none of the named relationships—since he is a brother-in-law only of Trefrey's and not a member of Trefrey's household.

To establish the relationship of agency alleged in the complaint, plaintiff relies chiefly upon the provisions of **General Statutes, Cumulative Supplement 1935, §1661c,** which say in effect that in an action for damages against the owner of a motor vehicle for the negligent or reckless operation of such vehicle by a person other than the owner thereof, the person so operating it shall be presumed to be the agent and servant of the owner and in the course of his employment, "and the defendant shall have the burden of rebutting such presumption".

A statute of similar purport (now, **General Statutes Cumulative Supplement 1935, §1658c),** was construed in **O'Dea vs. Amadeo, 118 Conn. 58, 65, 66,** to the effect that the statutory presumption should avail a plaintiff until such time in the course of the trial as the defendant had—not merely introduced some evidence but—been found by the trier to have "**proven** the circumstances of the situation with reference to the use made of the car and the authority of the person operating it, to drive it, leaving the burden then upon the plaintiff to establish in view of the facts **so found** that the car was being operated at the time . . . ." within a relationship that would impose liability upon the owner. There is every reason that the statute in question here should be given a like effect.

As the plaintiff introduced no evidence on the point, the question presented is, has the defendant **proved** facts sufficient to rebut the presumption created by the statute, which, if not rebutted, would avail to impose liability upon the defendant, Trefrey, for the negligence of the operator of his car, Chamberlain.

The explanation of the circumstances under which defendant, Chamberlain, was operating the car in question at the time of the accident, seems reasonable, upon careful review and consideration of the evidence on the point. It is said that Chamberlain and Trefrey were both visiting Arthur Chamberlain who is defendant Chamberlain's brother and defendant Trefrey's brother-in-law, at Arthur Chamberlain's home on Mason Street, and defendant, Trefrey, who lives some four or five miles away from that point, had his car there. Arthur Chamberlain's son was, also, present and was going to a football game at Havemyer Park which is about a quarter of a mile away from the scene of the accident. It is said that defendant Chamberlain desired to post some personal mail at

the post-office which was about two blocks away and making this fact known to defendant Trefrey, asked permission to use his car to go there and at the same time take Arthur Chamberlain's son along to the football game, to which request defendant Trefrey responded "alright". This was a mission entirely of Chamberlain's own, in which Trefrey had no interest and in the performance of which, no semblance of the relationship of agency between the defendants, Chamberlain and Trefrey, can be discerned.

In the absence of circumstances calculated to impugn the credibility of this version of the relationship existing between the parties affecting Chamberlain's use of the car at the time of the accident, it must be accepted as true. This done, the burden of submitting evidence on the part of the plaintiff to alter the effect of such evidence on defendants' part arose, and since no offer on that score was made, it must be found that defendant, Trefrey, has successfully rebutted the presumption created by the statute.

As between the plaintiff and defendant, Trefrey, the issues are found for the defendant, Trefrey; as between the plaintiff and defendant Chamberlain, the issues are found for plaintiff and damages assessed in his favor in the sum of $5,000.00.

Judgment accordingly.