PETER COSTANZO ET AL. *v.* DENNIS M. STURGILL ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued January 14—decided February 4, 1958

*Bertrand Quinto,* with whom were *A. Arthur Giddon, Robert B. Cohen* and, on the brief, *Morton E. Cole* and *Cyril Cole,* for the appellants (plaintiffs).

*Bradley B. Bates,* with whom was *Charles W. Page,* for the appellee (named defendant).

BALDWIN, J. The plaintiffs, Peter Costanzo and Peter Mazzolani, passengers in an automobile owned by the defendant Dennis M. Sturgill and driven by the defendant Alfonso D. Nicolosi, were injured when the car collided with a tree. The court rendered judgment for the plaintiffs against the defendant Nicolosi and in favor of the defendant Sturgill. The plaintiffs have appealed. The determinative issue is whether Sturgill is liable for the negligence of Nicolosi.

A summary of the facts follows: The defendant Sturgill lived on a farm in Maryland. His son, Dennis, Jr., seventeen years of age, was stationed at the United States naval base at Melville, Rhode Island, where he lived and worked on a ship. About every third week end he traveled back and forth from the base to his father's farm. To facilitate this travel and to prevent his son from hitchhiking between Maryland and the naval base, the father turned over to him a Dodge automobile which the father owned. The father instructed the son to use the car only for transportation to and from the farm in Maryland, and not to allow anyone else to drive it or to ride in it. Dennis, Jr., kept the car at the naval base for two and one-half months and used it to go to Maryland and return. He also used the car as his own to drive with his friends to places in Rhode Island and Massachusetts.

On the evening of June 30, 1953, Dennis, Jr., in the company of the plaintiffs, was in a tavern near the naval base where they met the defendant Nicolosi, who suggested that they drive to New Jersey the next day to attend a dance. Dennis, Jr., at first refused but was finally persuaded to go. The defendant Sturgill did not know that his son would use the car for such a purpose and had not authorized any such use. On July 1, 1953, Dennis, Jr., with the plain-

tiffs, the defendant Nicolosi and another passenger named Gleason, went in the automobile to New Jersey, first to Passaic and then to Paterson. Dennis, Jr., had never been to Paterson and was not acquainted there. The plaintiffs were not aware that any restrictions had been placed upon the use of the car. The group visited a tavern and attended the dance and in both places consumed alcoholic beverages. They left the dance about midnight, Nicolosi driving the car because Dennis, Jr., was not familiar with the roads in New Jersey. Shortly after the journey began all the passengers fell asleep. Nicolosi continued to operate the car until it left the roadway and collided with a tree in Columbia, Connecticut. The plaintiffs were seriously injured. The court concluded that Nicolosi was negligent and that his negligence was the cause of the plaintiffs' injuries. It also concluded that the defendant Sturgill was not liable for Nicolosi's negligence.

The plaintiffs claim that the court erred in this latter conclusion because the car was being operated as a family car with the permission of the owner's son, who had general authority from his father, the owner, to use it. "[W]hen an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." *Haugh* v. *Kirsch,* 105 Conn. 429, 431, 135 A. 568; *Perfetto* v. *Wesson,* 138 Conn. 506, 509, 86 A.2d 565. In *Dibble* v. *Wolff,* 135 Conn. 428, 434, 65 A.2d 479, we applied the doctrine where the owner's wife, who had general authority to use the car, was unable to operate an automobile, and the car was being driven at the time

of the accident by her daughter, who was married and lived in another town, for the purpose of taking her mother to visit friends. In the instant case, the fact that Nicolosi, and not Dennis, Jr., was operating the car when the collision occurred is a matter of secondary importance. Before Dennis, Jr., by permitting Nicolosi to operate the car, could subject the owner, the defendant Sturgill, to liability, Dennis, Jr., would have had to have general authority from his father to use the car for pleasure and convenience. *O'Keefe* v. *Fitzgerald,* 106 Conn. 294, 299, 137 A. 858; *Maher* v. *Fahy,* 112 Conn. 76, 79, 151 A. 318. The court did not find that any such general authority was given. Indeed, it found that the car was entrusted by the defendant Sturgill to his son for a specific and limited purpose, and further, that the defendant Sturgill did not know that the car was being used for purposes which were not within his specific instructions. Upon the unchallenged facts found by the court, its conclusion that the family car doctrine did not apply was correct.

There is no error.

In this opinion the other judges concurred.