WILLIAM HARLOW, ADMINISTRATOR (ESTATE OF PAUL BRUCE) *v.* GREGORY FRIETAS ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 99438
AT NEW HAVEN

Memorandum filed April 19, 1963

*Leonard L. Levy,* of New Haven, for the plaintiff.

*Friedman & Friedman,* of Bridgeport, for defendant Barnum Auto Sales, Inc.

*Cotter & Cotter,* of Bridgeport, for defendants Gregory and Gardner Frietas.

MACDONALD, J. Plaintiff, after alleging ownership of the car which caused the death of his dece-

dent to be in one Toraya, seeks in his second count to invoke the benefits of § 52-182, raising the family car presumption, on the strength of a father and son relationship between the driver of the car, one Gregory Frietas, and his father, Gardner Frietas, an employee of the car's owner. He alleges simply that the father was allowed to use Toraya's car as his employee and agent and that his son "was driving said family vehicle . . . within the scope of the family car doctrine."

Section 52-182 requires a relationship of the operator to the owner which has not been alleged, and the so-called family car doctrine does not apply unless this relationship exists. See *Costanzo* v. *Sturgill*, 145 Conn. 92; *Knapp* v. *Chamberlain*, 5 Conn. Sup. 97.

Plaintiff relies upon *Durso* v. *A. D. Cozzolino, Inc.*, 128 Conn. 24, where our Supreme Court held that if a car is maintained for the general use of the family, there is no valid distinction between a situation where it is owned and maintained by a member of the family and one where it is owned and maintained by a family corporation for the use of the family of its managing head and principal stockholder. That presents an entirely different situation from that of the instant case, where it is alleged only that the defendant, Gardner Frietas, as agent, servant and employee of the defendant Toraya, doing business as Barnum Auto Sales, "was furnished with a vehicle."

The demurrer is sustained on the grounds set forth therein.