LAUREN CIMA v. ERIC SCIARETTA ET AL.
(AC 33919)

Lavine, Robinson and Espinosa, Js.

168

Argued October 15, 2012—officially released January 15, 2013

*Michael J. O'Sullivan*, with whom, on the brief, was *Dean E. Weddall*, for the appellant (defendant Nicholas Sciaretta, Jr.).

*Hugh D. Hughes*, with whom, on the brief, was *William F. Gallagher*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. In this personal injury action arising out of a motor vehicle accident, the defendant Nicholas Sciaretta, Jr.,[1] appeals from the judgment of the trial court rendered in accordance with a jury's verdict in favor of the plaintiff, Lauren Cima, in the amount of

---

[1] Because the named defendant, Eric Sciaretta, is not a party to this appeal, we will refer in this opinion to the other party against whom this action was brought, Nicholas Sciaretta, Jr., as the defendant. The court directed a verdict in favor of Eric Sciaretta, and the plaintiff initially filed a cross appeal challenging that judgment. She withdrew the cross appeal, however, on June 5, 2012.

$11,058.56 in economic damages and $245,000 in non-economic damages.[2] The defendant claims that the court improperly (1) admitted certain evidence at trial, (2) failed to direct a verdict in favor of him and (3) charged the jury with respect to application of the family car doctrine.[3] We affirm the judgment of the trial court.

The following facts, which the jury either found in response to special interrogatories or reasonably could have found, and procedural history are relevant to our resolution of the issues on appeal. On July 16, 2007, the plaintiff was a passenger in a vehicle that was struck by a vehicle owned by the defendant. The defendant had purchased the vehicle for the use of his son, Eric Sciaretta, who was the vehicle's primary driver and the person responsible for the vehicle's general upkeep and maintenance. The defendant gave his son general authority, without restrictions, to use the vehicle for the son's pleasure and convenience. At the time of the accident in question, the defendant's vehicle was being operated by his son's friend, Stephen Sorbo. The defendant's son had permitted Sorbo to drive the vehicle and was riding in the vehicle as a passenger at the time of the accident. Sorbo failed to stop the vehicle completely at a stop sign and proceeded into the intersection, striking broadside the vehicle occupied by the plaintiff. As a result of the accident, the plaintiff suffered injuries to her back, left knee and left hand.

In July, 2009, the plaintiff filed the present action seeking monetary damages. Count one of the complaint

---

[2] The court later determined that the defendant was entitled to a collateral source reduction of $1450.58, reducing the economic damages award to $9607.98.

[3] "The family car doctrine is a common-law rule providing that, when a motor-car is maintained by the paterfamilias for the general use and convenience of his family, he is liable for the negligence of a member of the family having general authority to drive it, while the car is being used as a family car . . . ." (Internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 9, 882 A.2d 597 (2005).

alleged that the defendant's son was negligent either as the operator of the vehicle that caused the accident or as the person who "caused [the vehicle] to be operated by an unknown individual with his permission." Count two alleged that the defendant was vicariously liable for the plaintiff's injuries as the owner of the vehicle that was negligently operated or caused to be operated by his son, citing General Statutes § 52-182.[4] Finally, count three alleged that the defendant was liable under a theory of negligent entrustment. The defendant and his son filed a joint answer in which they denied all allegations of negligence.

Prior to trial, the defendant filed a motion in limine asking the court to preclude the admission at trial of any testimony or other evidence showing that his son had granted Sorbo permission to use the defendant's vehicle, claiming that such evidence was not relevant to the issues in the case because "[o]ne who is not the owner of the car cannot by permitting another to use a car create an agency relationship between the driver and the owner." The plaintiff objected. She argued, citing this court's decision in *Chen* v. *Bernadel*, 101 Conn. App. 658, 922 A.2d 1142 (2007), that if the son had general authority from the defendant to drive the vehicle, the negligence of a third person to whom the son entrusted the vehicle, in this case Sorbo, could be imputed to the defendant. The court briefly heard arguments on July 19, 2011, following which it denied the motion in limine.

The matter was tried before a jury beginning on July 20, 2011. At the close of the plaintiff's case-in-chief, the

---

[4] General Statutes § 52-182 provides: "Proof that the operator of a motor vehicle or a motorboat, as defined in section 15-127, was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."

defendant's counsel orally moved for a directed verdict as to both the defendant and the defendant's son. The court granted the motion as to the son and rendered judgment on count one in his favor. The court denied the motion as to the defendant. Later, at the beginning of the charging conference, the court directed a verdict in favor of the defendant on count three, the negligent entrustment count, in accordance with the parties' agreement that no evidence had been offered with regard to that count.

The remaining negligence count against the defendant was submitted to the jury along with a set of special interrogatories. Following deliberation, the jury returned a verdict against the defendant and in favor of the plaintiff, awarding economic damages of $11,058.56 and noneconomic damages of $245,000. The jury responded in the affirmative to special interrogatories that asked whether the defendant had given general authority without restrictions to his son to use the family vehicle for his son's pleasure and convenience and whether the defendant's son had given Sorbo permission to operate the family car. The defendant filed post-verdict motions to set aside the verdict and for remittitur, both of which the court denied. The court granted the defendant's motion for a collateral source reduction. See footnote 2 of this opinion. This appeal followed.

I

The defendant first claims that the court improperly permitted the plaintiff to present evidence to the jury that the defendant's son had given Sorbo permission to use the defendant's vehicle. According to the defendant, any evidence of permission by the defendant's son to Sorbo to drive the defendant's vehicle was immaterial to establishing that an agency relationship existed between the defendant, the owner of the tortfeasing

vehicle, and Sorbo, the driver, which relationship the plaintiff insisted was necessary to impute Sorbo's liability onto the defendant.[5] We disagree.

"Generally, evidence is admissible to prove a material fact that is relevant to the cause of action alleged by the plaintiff. . . . Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue." (Citation omitted; internal quotation marks omitted.) *Raybeck* v. *Danbury Orthopedic Associates, P.C.,* 72 Conn. App. 359, 378, 805 A.2d 130 (2002). "The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Gilmore,* 289 Conn. 88, 128, 956 A.2d 1145 (2008).

Here, in denying the defendant's motion in limine, and thereby permitting the plaintiff to introduce evidence that the defendant's son had permitted Sorbo to drive the defendant's vehicle at the time of the collision with the plaintiff, the court stated that it was relying on this court's decision in *Chen* v. *Bernadel,* supra, 101 Conn. App. 658, which cited our Supreme Court's decision in *Dibble* v. *Wolff,* 135 Conn. 428, 65 A.2d 479 (1949). Accordingly, we look to those cases to see if they provide a sound basis for the court's decision.

---

[5] We note that the defendant's counsel did not object when the plaintiff elicited evidence of permissive use at trial during the direct examination of the defendant's son. The defendant nevertheless preserved his evidentiary claim for appellate review by filing his pretrial motion in limine to preclude the introduction of such evidence on relevance grounds. See Practice Book § 60-5; *West Haven Sound Development Corp.* v. *West Haven,* 207 Conn. 308, 311 n.2, 541 A.2d 858 (1988).

In *Dibble*, while on a shopping trip, a daughter and her mother were involved in a motor vehicle accident due to the daughter's negligence. Id., 431–32. The defendant father was the owner of the vehicle driven by the daughter, who was married and no longer resided with her parents. Id., 432. Our Supreme Court framed the issue before it as follows: "The ultimate question is . . . whether under the circumstances shown . . . the fact that the defendant's daughter was not a member of [the defendant's] household renders the family car doctrine inapplicable. . . . Assuming for the purposes of this decision that the defendant could not be held liable on the theory that his daughter was a member of the family within the family car doctrine, it does not necessarily follow that no recovery can be had . . . . . The question decisive of this appeal is whether on this record the daughter's negligence was that of her mother within the doctrine." (Citations omitted; internal quotation marks omitted.) Id., 433–34. Stated more generally, the issue before the court was whether the negligence of a nonfamily member operator could be imputed to a family member passenger for the purpose of applying the family car doctrine.

The court concluded that the fact that the mother was a member of the defendant father's household was sufficient to invoke the family car doctrine because, by his intent that the vehicle be used for the mother's pleasure and convenience, the defendant father necessarily gave the mother, who herself could not drive, general authority to delegate the responsibility of operating the vehicle to a third party. Id., 434–35. The court noted that the vehicle was being used at the time of the accident for the very purpose intended by the defendant, serving the pleasure and convenience of the mother, and that "it was being driven for her by their daughter under his wife's immediate direction and with his approval and consent. Under the familiar legal

maxim 'qui facit per alium facit per se,' the daughter's act became that of her mother and this rendered the family car doctrine operative to charge the defendant with liability." Id., 435.[6]

In *Chen*, the plaintiff was injured at a toll booth in New York when he got out of his vehicle to inspect his vehicle's muffler and was struck by a vehicle owned by the defendant. *Chen* v. *Bernadel*, supra, 101 Conn. App. 660. As in the present appeal, at the time of the accident, the defendant's vehicle was being operated by a friend of the defendant's son, and the son was a passenger in the vehicle. Id. The friend was driving the vehicle at the son's request. Id. The plaintiff filed a personal injury action alleging that the accident was the result of the negligence of the son's friend and that the defendant, as the registered owner of the vehicle, was vicariously liable. Id. The defendant appealed to this court from the trial court's granting of an application for a prejudgment remedy filed by the plaintiff. Id., 660–61.

On appeal, the defendant claimed that the court improperly determined that he could be held liable under the family car doctrine for the negligence of an unrelated third party operator. Id., 666. This court, citing our Supreme Court's decision in *Dibble* v. *Wolff*, supra, 135 Conn. 428, determined that the family car doctrine was applicable under the circumstances presented because the defendant had granted his son general authority to use the vehicle for his own pleasure and convenience, and, although the son's friend was not a member of the defendant's household, the defendant's son had authorized the friend to use the vehicle, and therefore "[the friend's] negligence could be considered

---

[6] "Qui facit per alium facit per se. A person who acts through another acts himself. The acts of an agent are considered the acts of the principal." Black's Law Dictionary (9th Ed. 2009).

that of the defendant's son under the family car doctrine." *Chen* v. *Bernadel,* supra, 101 Conn. App. 667.

In the present case, the plaintiff was attempting to establish vicarious liability of the defendant for the negligent actions of Sorbo. In accordance with *Dibble* and *Chen,* in order successfully to impute liability to the defendant under the family car doctrine, the plaintiff needed to show that the defendant had granted general authority to his son to use the defendant's vehicle for the son's own pleasure and convenience, and also that, in furtherance of that grant of authority, the son authorized Sorbo to operate the vehicle at the time of the accident. Accordingly, whether the son granted Sorbo permission to drive the vehicle clearly was a material fact that was relevant to the cause of action alleged by the plaintiff, and, contrary to the defendant's claim, it was not an abuse of the court's discretion to have allowed the plaintiff to introduce evidence of such permissive use.

## II

The defendant next claims that the court improperly failed to render a directed verdict in his favor despite having directed a verdict in favor of the defendant's son. The defendant appears to be claiming that it was inconsistent or impermissible as a matter of law for the court to have directed a verdict for his son on the ground that he lacked personal liability for the plaintiff's injuries, while permitting the matter of the defendant's vicarious liability under the family car doctrine to be presented to the jury. We do not agree.

"[O]ur review of a trial court's refusal to direct a verdict . . . takes place within carefully defined parameters. We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial . . . giving particular weight to the

concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . To the extent that the defendant's claims on appeal present questions of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Tomick* v. *United Parcel Service, Inc.*, 135 Conn. App. 589, 603, 43 A.3d 722, cert. denied, 305 Conn. 920, 47 A.3d 389 (2012).

The plaintiff's theory of recovery against the defendant was that of vicarious liability pursuant to the family car doctrine. Because Sorbo was not a close family member of the defendant as provided for in § 52-182, the family car doctrine could not be directly applied in this case. As discussed in part I of this opinion, however, the courts in *Dibble* and *Chen* held that the liability of a vehicle owner under the family car doctrine encompasses liability for the negligent operation of a family car by a nonfamily member third party operator if a covered family member with general, unrestricted authority to use the vehicle for his or her own pleasure and convenience was a passenger in the vehicle and the third party was operating the family car with the consent of that family member. In such cases, the negligent third party steps into the shoes of the family member for the purpose of applying the family car doctrine to the owner of the vehicle. See *Dibble* v. *Wolff*, supra, 135 Conn. 434.

If Sorbo's negligent operation of the defendant's vehicle was attributable to the defendant's son because Sorbo was transporting the son in furtherance of the son's use of the vehicle for his general pleasure and convenience, the family car doctrine may be applied indirectly to find the defendant liable for Sorbo's negligent actions. Contrary to the defendant's assertion, such an indirect application of the family car doctrine does

not require a contemporaneous finding of actual liability on the part of the family member passenger, and the defendant has not provided us with, nor have we found, any law suggesting otherwise.[7] Because the trial court was not required, as a matter of law, to direct a verdict for the defendant solely on the basis of its determination that the defendant's son was entitled to a direct judgment in his favor on count one of the complaint, the defendant's claim fails.

### III

Finally, the defendant claims error in the court's charge to the jury. The defendant limits his claim of instructional error to a portion of the court's charge fifteen, addressing a driver's legal duty to keep a reasonable lookout for persons and traffic that the driver is likely to encounter. Specifically, the defendant takes issue with the following language in that charge: "If you find that [the defendant] gave general authority without restrictions to drive the vehicle to Eric Sciaretta to drive the vehicle for his own pleasure and convenience and Eric Sciaretta gave authorization to [Sorbo] to drive the car, and Sorbo failed to keep a proper lookout as defined above, then you must find that the

---

[7] In making his argument, the defendant references our Supreme Court's decision in *Koops* v. *Gregg*, 130 Conn. 185, 32 A.2d 653 (1943), but fails to provide analysis that explains how that opinion supports his claim that the court was obliged to direct a verdict for the defendant on the count alleging vicarious liability pursuant to the family car doctrine when it directed a verdict on the negligence count brought against the defendant's son. The *Koops* decision does not involve an application of the family car doctrine; id., 187; but rather a consideration of what is now General Statutes § 52-183, which provides that, in an action brought against a vehicle owner for the negligent or reckless operation of the vehicle by a third party, a rebuttable presumption is created that the third party is the agent of the owner and was operating the owner's vehicle in the course of his or her employment. Id., 188–89. The plaintiff in the present action was not relying on § 52-183 to establish the vicarious liability of the defendant, and, therefore, *Koops* is inapposite to our consideration of the defendant's claim.

[defendant] is negligent."[8] The defendant argues that the challenged instruction improperly equated permission or consent to use the family car by his son as establishing an agency relationship between Sorbo and the defendant. In response to the defendant's claim, the plaintiff argues that the defendant waived his claim of instructional error because he did not raise it at trial and that, absent waiver, the defendant is incorrect on the merits of his claim.

We conclude that the defendant failed to preserve the instructional error he raises on appeal. Further, even if he had preserved his claim, he would not be entitled to relief on appeal by operation of the general verdict rule and the fact that he did not challenge nearly identical language in the court's instructions on negligence in general, on the duty to keep proper control of a vehicle and statutory negligence for failing to obey a traffic control sign in violation of General Statutes § 14-299, any of which could have formed the basis for the jury's determination of negligence in this matter. For both reasons, we decline to review the defendant's claim.

"To preserve an exception to a jury instruction for further review under Practice Book § 16-20, a party must either submit a written request to charge or state *distinctly* the matter objected to and the ground of objection. . . . It is our long-standing position that [t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge."[9] (Citation omitted; emphasis in original; internal quotation

---

[8] We note that the copy of the jury charge included in the defendant's appendix differs from the charge actually delivered to the jury. The differences with respect to the portion of the charge challenged by the defendant do not appear materially to alter the charge for the purpose of our review. We nevertheless quote the language as it was delivered orally by the court to the jury.

[9] Practice Book § 16-20 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction

marks omitted.) *Socci* v. *Pasiak*, 137 Conn. App. 562, 572, 49 A.3d 287, cert. denied, 307 Conn. 919, 54 A.3d 563 (2012).

Our review of the record in the present case reveals that, prior to instructing the jury, the court provided counsel with a draft copy of the jury instructions and invited comment from counsel. The defendant requested some minor changes, which the court accepted. He did not request on the record that the court change the language he now challenges. After instructing the jury, and outside the jury's presence, the court asked counsel if they had any exceptions to the charges given. At that time, the defendant took exception to charge eleven, the charge on negligence in general, arguing that the instruction improperly expanded the family car doctrine beyond what was contemplated under § 52-182, that the family car doctrine did not apply in this case and that the court should have charged with regard to General Statutes § 52-183. The defendant also took exception to charges eighteen through twenty regarding calculating damages. The defendant did not take exception to charge fifteen, the instruction now challenged on appeal.

Furthermore, even if we were to construe the arguments made by the defendant following the charge as having preserved the arguably related claim raised on appeal, the claim would fail as a result of the general verdict rule and the defendant's failure to challenge nearly identical language used throughout the court's instructions. "The general verdict rule provides that if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will

unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. The exception shall be taken out of the hearing of the jury."

presume that the jury found every issue in favor of the prevailing party. . . . In circumstances in which a party has requested interrogatories that fail to flesh out the basis of the jury's verdict, this court has noted that the general verdict rule is still applicable because [i]t is not the mere submission of interrogatories that enables [the reviewing court] to make that determination; rather, it is the submission of properly framed interrogatories that discloses the grounds for the jury's decision. . . . [I]n a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . .

"On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated." (Internal quotation marks omitted.) *Malaguit* v. *Ski Sundown, Inc.*, 136 Conn. App. 381, 385–86, 44 A.3d 901, cert. denied, 307 Conn. 902, 53 A.3d 218 (2012).

In the present case, the defendant challenges the court's jury instructions only as to the charge on duty to keep a proper lookout. A breach of that duty was not, however, the sole theory on which the jury could have found negligence in this case. The jury was also instructed on a driver's duty to keep proper control of his or her vehicle and on statutory negligence for failing to obey a traffic control sign. Although interrogatories were submitted to the jury in this case, there was no interrogatory asking the jury to identify the theory on which it had determined that Sorbo breached his duty of care in operating the defendant's vehicle. Thus, even if the defendant successfully could have convinced us

that there was instructional error as to the proper look-out charge, absent a challenge to the other charges identified, there remained an error free path on which the jury could have reached its verdict. In sum, because the defendant failed to preserve his claim of instructional error, and because the general verdict rule would preclude the relief sought even if the claim were proven, we decline to engage in further examination of the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.