## STATE OF CONNECTICUT *v.* DWAYNE ANDRE ADAMS
## (AC 34066)

Beach, Espinosa and Schaller, Js.

---

Argued September 25—officially released December 11, 2012

*Deborah G. Stevenson,* special public defender, for the appellant (defendant).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Dennis J. O'Connor,* former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ESPINOSA, J. The defendant, Dwayne Andre Adams, appeals from the judgment of conviction, rendered following a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and three counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[1] The

---

[1] The jury returned a verdict of not guilty with regard to one count of sexual assault in the first degree arising from an allegation that the defendant engaged in penile-anal intercourse with the victim during the incident underlying the charges of which the defendant was convicted. Additionally, the jury returned a verdict of not guilty with regard to one count of risk of injury to a child and one count of sexual assault in the third degree arising from another alleged incident in October, 2008. In addition to the imposition of a fine, the court imposed a total effective sentence of fifty years incarceration, twenty years mandatory to serve, followed by fifteen years of special parole.

defendant claims that (1) the trial court improperly admitted certain constancy of accusation testimony, (2) the court improperly admitted certain expert testimony that indirectly bolstered the victim's[2] credibility, (3) prosecutorial impropriety deprived him of a fair trial, (4) the evidence did not support the jury's finding of guilt as to any of the charges of which he was convicted and (5) the court improperly denied his motion for a new trial. We affirm the judgment of the trial court.

The jury reasonably could have found that, in late 2008, the eight year old victim and her parents lived next door to the defendant, his wife and their three children in Hartford. It was not uncommon for the victim to spend the night at the defendant's residence. On these occasions, the victim would sleep alone in the children's bedroom at the defendant's residence while the defendant and his family slept in the living room. Sometime during the late evening hours of December 26, 2008, and the early morning hours of December 27, 2008, the defendant entered the bedroom where the victim was asleep. The defendant woke the victim, removed her pajama pants and underwear and engaged in penile-vaginal intercourse with her. Also, the defendant forced the victim to perform fellatio on him. The victim tried, unsuccessfully, to prevent the assault. Following the assault, the defendant instructed the victim to clean herself and threatened her not to tell anyone about the incident.

The following day, the victim told her mother about the incident. The victim's mother reported the incident to the police, and the victim was examined and treated at the Connecticut Children's Medical Center. Police

---

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

collected physical evidence related to the victim's complaint. The underwear worn by the victim on the night of the incident was stained with seminal fluid; the results of subsequent DNA testing of this evidence revealed that the defendant likely was the contributor of this DNA. In the ensuing days, the victim was evaluated and treated at the Children's Advocacy Center at Saint Francis Hospital and Medical Center. Additional facts will be set forth as necessary.

I

First, the defendant claims that the court improperly permitted the state to introduce constancy of accusation testimony from the victim's mother; Tanya Ortiz, a Hartford police officer; Audrey Courtney, an advanced practice registered nurse who conducted a physical examination of the victim at the Children's Advocacy Center; and Lisa Murphy-Cipolla, a clinical child interview supervisor who conducted a forensic interview of the victim at the Children's Advocacy Center. We do not reach the merits of this unpreserved claim.

The defendant did not preserve any aspect of this claim at trial. On appeal, the defendant argues that the claim is reviewable (1) because he has a constitutionally protected right to review of any and all claims on appeal; (2) under the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989); (3) under the doctrine set forth in *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973); (4) under the plain error doctrine codified in Practice Book § 60-5; and (5) under the exercise of this court's inherent supervisory authority over the administration of justice. See, e.g., *State* v. *Mukhtaar*, 253 Conn. 280, 290 n.11, 750 A.2d 1059 (2000).

We readily reject the defendant's initial, novel contention that he has a right to review of any claim raised on appeal, regardless of its nature or whether it was raised before the trial court. This assertion conflicts

with ample and well settled appellate precedent; see, e.g., *State* v. *Golding*, supra, 213 Conn. 239–40; that we are not at liberty to overrule.[3] See, e.g., *State* v. *Smith*, 107 Conn. App. 666, 684–85, 946 A.2d 319 (It is axiomatic that an appellate court is "bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." [Citation omitted; internal quotation marks omitted.]), cert. denied, 288 Conn. 902, 952 A.2d 811 (2008).

The defendant's invocation of *Golding* is unsuccessful because, as he acknowledged in argument before this court, our Supreme Court unambiguously has held that a claim that a court improperly admitted constancy of accusation testimony is not of constitutional magnitude. See *State* v. *Samuels*, 273 Conn. 541, 558, 871 A.2d 1005 (2005); *State* v. *Troupe*, 237 Conn. 284, 290–93, 677 A.2d 917 (1996). Unless "[a] claim is of constitutional magnitude alleging the violation of a fundamental right," it is not reviewable under *Golding*. *State* v. *Golding*, supra, 213 Conn. 239. For the reasons set forth previously, we decline the defendant's express invitation to overrule those decisions of our Supreme Court.

The defendant's recourse to *State* v. *Evans*, supra, 165 Conn. 70, likewise is of no avail. It was observed in *Golding*, and reiterated in numerous appellate decisions, that the doctrine set forth in *Golding* was meant to "facilitate a less burdensome, more uniform application of the . . . *Evans* standard in future cases . . . ." *State* v. *Golding*, supra, 213 Conn. 239. Thus, there is no basis in our case law for the proposition that, following

[3] See also Practice Book § 60-5 ("[t]he [reviewing] court shall not be bound to consider a claim unless it was distinctly raised at trial or arose subsequent to the trial").

*Golding, Evans* provides an independent or distinct avenue for review for unpreserved claims of error, let alone claims that are not of constitutional magnitude. Thus, we do not engage in review pursuant to *Evans.*

The plain error doctrine is invoked sparingly and is reserved for those situations in which a reviewing court concludes that the failure to grant relief with regard to an unpreserved claim of error would result in a manifest injustice. See, e.g., *State* v. *Roger B.,* 297 Conn. 607, 618, 999 A.2d 752 (2010). Having carefully reviewed the defendant's argument, we conclude that the defendant has not demonstrated that the unpreserved evidentiary error of which he complains rises to the level of plain error.

Finally, the defendant summarily states that this court should grant relief in the exercise of its supervisory powers. We note that this request is devoid of any citation to authority or analysis, yet we readily conclude that the defendant's claim does not warrant such an extraordinary level of relief. This court sparingly invokes its supervisory authority to address issues that affect the integrity of the judicial system as a whole and, in rare instances, to address conduct in a particular case that "is unduly offensive to the maintenance of a sound judicial process." (Internal quotation marks omitted.) *State* v. *Jimenez-Jaramill,* 134 Conn. App. 346, 381, 38 A.3d 239, cert. denied, 305 Conn. 913, 45 A.3d 100 (2012). Such concerns are not implicated by the defendant's unpreserved evidentiary claim.

II

Next, the defendant claims that the court improperly admitted testimony from Courtney and Murphy-Cipolla that indirectly bolstered the victim's credibility. We do not reach the merits of this unpreserved claim.

The defendant acknowledges that this claim is unpreserved. He argues, as stated in part I of this opinion,

that he is entitled to appellate review of any and all claims raised on appeal. We rejected this argument in part I of this opinion. The defendant argues, alternatively, that the claim is reviewable under *Golding*. The claim that the testimony at issue improperly bolstered the victim's credibility is not reviewable under *Golding* because it is evidentiary, not constitutional, in nature. See, e.g., *State* v. *Toccaline*, 258 Conn. 542, 550, 783 A.2d 450 (2001); *State* v. *Dearing*, 133 Conn. App. 332, 343–45, 34 A.3d 1031, cert. denied, 304 Conn. 913, 40 A.3d 319 (2012); *State* v. *Richard W.*, 115 Conn. App. 124, 136–37, 971 A.2d 810, cert. denied, 293 Conn. 917, 979 A.2d 493 (2009). Although the defendant claims that the admission of the evidence infringed on his right to a fair trial, we observe that one does not change the true nature of an evidentiary claim merely by referring to it in constitutional terms. See, e.g., *State* v. *Vilalastra*, 207 Conn. 35, 46, 540 A.2d 42 (1988). For reasons similar to those set forth in part I of this opinion, we reject the defendant's request, distinct from his request under *Golding*, for review under *Evans*. Finally, having reviewed the evidentiary claim, we are not persuaded that it implicates the plain error doctrine, as argued by the defendant.[4]

## III

Next, the defendant claims that he was deprived of a fair trial as a result of the prosecutor's having introduced the constancy of accusation evidence at issue in part I of this opinion. We disagree.

---

[4] Additionally, the defendant argues that the claim is reviewable pursuant to *Sokolowski* v. *Medi Mart, Inc.*, 24 Conn. App. 276, 279–80, 587 A.2d 1056 (1991), because the evidence at issue was introduced after the court cautioned the state that expert witnesses may not testify regarding the victim's credibility. The defendant's interpretation of *Sokolowski* is flawed. This court, in *Sokolowski*, reviewed the defendant's evidentiary claim on appeal after determining quite clearly that the defendant adequately preserved his objection to the admission of the evidence by virtue of a motion in limine that raised the same evidentiary ground as that raised on appeal. Id., 280.

As the defendant correctly notes, a claim of prosecutorial impropriety may be raised on appeal even if it was not the subject of a defense objection at trial. *State* v. *Stevenson*, 269 Conn. 563, 572–75, 849 A.2d 626 (2004). In evaluating claims of prosecutorial impropriety, we determine, first, if impropriety occurred and, second, if it did, whether it infringed on the defendant's due process right to a fair trial. See *State* v. *Salamon*, 287 Conn. 509, 551–52, 949 A.2d 1092 (2008).

Here, the defendant deems it improper that the prosecutor elicited testimony from state's witnesses that, in his opinion, constituted inadmissible constancy of accusation evidence. There is no argument that, in eliciting the testimony at issue, the prosecutor disregarded any prior ruling of the trial court. As observed in part I of this opinion, the defendant did not raise a constancy of accusation objection to the testimony at trial. Even were we to accept as true the defendant's assertion that the prosecutor elicited inadmissible constancy of accusation evidence, the defendant cites to no authority, and we are not aware of any, for the proposition that such action on the part of the prosecutor was particularly egregious such that it rose to the level of prosecutorial impropriety. Apart from referring to the principle that a prosecutor must seek impartial justice, the defendant does not support his argument by reference to any authority that supports the proposition that the introduction of the witnesses' testimony arguably constituted impropriety. Thus, we reject the defendant's attempt to transmute his unpreserved evidentiary claim into a claim of prosecutorial impropriety.

IV

Next, the defendant claims that the evidence did not support the jury's verdict of guilt as to any of the charges of which he was convicted.[5] We disagree.

[5] Although it does not affect the reviewability of the claim, for even unpreserved sufficiency of the evidence claims are reviewable on appeal; see *State* v. *Lewis*, 303 Conn. 760, 767 n.4, 36 A.3d 670 (2012); the record reflects

We review a claim of evidentiary sufficiency by applying a two part test. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . [I]n viewing evidence which could yield contrary inferences, the [finder of fact] is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the [finder of fact's] function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Ovechka*, 292 Conn. 533, 540–41, 975 A.2d 1 (2009).

In support of this claim, the defendant argues: "The evidence before the jury consisted of the victim's testimony, the testimony of constancy of accusation witnesses whose testimony was largely inadmissible, medical personnel who saw the victim after any incident occurred and who could not testify as to the incident itself but whose testimony was offered in large part to bolster the credibility of the victim, chain of custody witnesses, results of a physical examination showing no trauma to the victim, and forensic evidence that in large part did not conclusively prove the defendant's participation in the act."[6]

that the defendant moved for a judgment of acquittal at the end of the state's case-in-chief. The court denied the motion.

[6] Also, the defendant argues that the evidence was insufficient because "[t]he state . . . admitted during closing argument that the physical evidence [related to the victim's condition] showed everything to be normal, that no trauma occurred and that all of the witnesses were acting simply in response to the [victim's] accusation, not in response to any evidence that the action occurred." Having reviewed the state's argument in its entirety, we disagree with the defendant's characterization of it. We observe, nonetheless, that the defendant's argument in this regard is puzzling because the state

Beyond the arguments set forth previously, the defendant's sufficiency analysis does not focus on the evidence as it relates to any specific essential elements of the crimes at issue. Absent a more tailored sufficiency analysis by the defendant, we will address only the broad arguments set forth previously, none of which is persuasive. There is no legal basis for the defendant's argument that, with regard to any count of the state's information, the state was required to present forensic evidence that conclusively proved the defendant's criminal liability. Likewise, there is no legal basis for the defendant's argument that, with regard to any count of the state's information, the state was required to present the results of a physical examination showing trauma to the victim. To the extent that the defendant interjects an argument that the evidence included inadmissible constancy of accusation testimony and inadmissible testimony that bolstered the victim's credibility, we note that such testimony is properly considered by a reviewing court in evaluating the sufficiency of the evidence. See, e.g., *State* v. *Smith*, 73 Conn. App. 173, 180, 807 A.2d 500 ("a claim of insufficiency of the evidence must be tested by reviewing no less than, and no more than, the evidence introduced at trial"), cert. denied, 262 Conn. 923, 812 A.2d 865 (2002).

The defendant, in his analysis of the evidence, appears to belittle the significance of the victim's testimony. That is, the defendant appears to argue that without physical evidence that conclusively corroborated the victim's version of events, the state did not satisfy its burden of proof. The victim's testimony, which strongly was corroborated by the results of the forensic testing of the victim's underwear, constituted sufficient evidence to support the defendant's conviction. At trial, the

did not bear the burden of presenting evidence of physical trauma to the victim or the burden of showing that any of the law enforcement or medical professionals who played a role in this case did so in response to anything more than the victim's allegation of abuse.

victim identified the defendant and testified concerning the events that transpired during the late evening hours of December 26, 2008, and the early morning hours of December 27, 2008. The victim recalled that the defendant came into the bedroom in which she was sleeping, woke her and sexually assaulted her. The victim testified that the defendant inserted his penis in her vagina, her "bottom" and her mouth. The victim testified that, after the assault, the defendant instructed her to clean herself with a tissue, cleaned his penis with a tissue and told her that if she "told anybody" he would "mess [her] up." On the basis of the victim's testimony, as well as the physical evidence that supported it, the jury reasonably could have found that the state proved beyond a reasonable doubt that the defendant committed the crimes of sexual assault in the first degree, in the manner charged in counts one and three, and risk of injury to a child, in the manner charged in counts four, five and six.

V

Finally, the defendant claims that the court improperly denied his motion for a new trial. We decline to review this unpreserved claim.

On June 29, 2010, the defendant filed a "motion for a new trial." The body of the motion stated: "The defendant . . . hereby moves this Honorable Court to grant him a new trial as it is required in the interests of justice. The interests of justice mandate a new trial, as required by Rule 42-53 of the Connecticut Rules of Practice." On October 14, 2010, the same day as the court's sentencing hearing, the court took up the motion for a new trial. Upon inquiry by the court, the defendant's attorney stated: "Practice Book § 42-53 states that in the interests of justice, a new trial may be granted the defendant, and, on his behalf, I make that pro forma motion, again, this morning. I believe I made one toward the end of

the trial, orally, as well." The prosecutor replied: "Obviously, we oppose, and I would emphasize the words, pro forma." The court stated: "Well, [the motion] cites the interests of justice and nothing more. It's denied."

In argument before this court, the defendant states: "[T]here was a clear abuse in the exercise of the trial court's discretion when it improperly allowed the constancy of accusation evidence to be admitted, when it allowed with impunity the prosecutor's improprieties and when it denied the defendant's motions for acquittal." The defendant asserts that, by filing the motion for a new trial on June 29, 2010, these grounds were adequately preserved for appellate review.

Because, in his written motion for a new trial and in argument before the trial court concerning the motion, the defendant did not set forth any specific grounds on which the motion was based, we readily conclude that the defendant did not preserve the grounds on which he now argues the court should have granted him a new trial. It would be fundamentally unfair, both to the trial court and to the state, for this court to conclude that the strikingly vague motion raised before the trial court encompassed the present claim. Accordingly, we conclude that the present claim is unpreserved and is unreviewable.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The defendant argues that if this deems his claim to be unpreserved, this court should review the claim "for all of the reasons cited in [the portion of his brief devoted to claim I]." This abstract assertion, unsupported by adequate legal analysis related to the particular claim to which it applies, is wholly inadequate. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *T.R.D.*, 286 Conn. 191, 213–14 n.18, 942 A.2d 1000 (2008). This same rationale applies to the defendant's unsupported assertion that the present claim warrants extraordinary review.